UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Cr. No. 07-280 (PLF) |
| | : | |
| TYREN HYMAN, | : | |
| | : | |
| Defendant | : | |

### MOTION TO SUPPRESS TANGIBLE EVIDENCE
### AND INCORPORATED MEMORANDUM[1]

Mr. Tyren Hyman, the defendant, through undersigned counsel, respectfully moves this Honorable Court to suppress at trial all evidence seized by law enforcement agents as the fruit of an illegal seizure and search. This motion is made pursuant to Fed. R. Crim. P. 12(b)(3), and is supported by the discussion below. Mr. Hyman respectfully requests an evidentiary hearing on this motion. In support of this motion, counsel submits the following.

### FACTUAL BACKGROUND[2]

Mr. Hyman is charged in a one-count indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). The charges arose out of an incident that occurred on September 18, 2007. According to the P.D. 163 filed in this case, Mr. Hyman was observed walking through an open gate in the 5100 block of Fitch Street, S.E., at which time

---

[1] In a discovery letter, dated December 17, 2007, the government indicated that they will not be introducing any statements made by Mr. Hymen, therefore, a motion to suppress statements is not being filed in this case.

[2] This statement of the facts is a summary based on the P.D. 163 police report. By including in this motion the facts as alleged by government witnesses, Mr. Hyman does not in any way concede that these facts are accurate or true.

an officer observed Mr. Hyman place his right hand to his waistband area. Subsequently, the officer began chasing Mr. Hyman at which time Mr. Hyman was observed throwing a black pistol to the ground. Following the toss, Mr. Hyman allegedly continued running and was later apprehended by an officer who observed the toss.

## ARGUMENT

The Fourth Amendment requires that all search and seizures, including seizures of the person, be "reasonable." Vernonia School District 47J v. Acton, 515 U.S. 646, 652 (1995). A seizure occurs in one of two circumstances: (1) officers apply physical force to the individual, and/or (2) the individual submits to a show of authority by law enforcement officers. California v. Hodari D, 499 U.S. 621, 626 (1991). In order to seize an individual, officers must have either (1) probable cause to arrest the individual, see Michigan v. DeFillipo, 443 U.S. 31, 36 (1979), or (2) reasonable suspicion to conduct an investigatory stop, see Terry v. Ohio, 392 U.S. 1, 20-27 (1968).

Officers can conduct an arrest when there exist "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." DeFillipo, 443 U.S. at 37. Officers can conduct an investigatory stop when they have reasonable suspicion, based upon articulable facts, that criminal activity "'may be afoot.'" United States v. Sokolow, 490 U.S. 1, 7 (1989) (citing Terry, 392 U.S. at 30). The government bears the burden of adducing sworn testimony sufficient to satisfy this Court that the facts and circumstances known to the seizing officers at the time they stopped and arrested Mr. Hyman justified those seizures. See Florida v. Royer, 460 U.S. 491, 500 (1983); United States v. Allen, 629 F.2d 51, 55 (D.C. Cir. 1980).

In this case, evidence adduced at an evidentiary hearing will establish that Mr. Hyman's stop and seizure were unlawful and that there was no probable cause to support his arrest. The government will not be able to adduce sufficient sworn testimony to demonstrate that the police officers possessed the requisite reasonable suspicion to stop Mr. Hyman when they did. The officers had no reason to impede, pursue and stop Mr. Hyman as he was walking through a gate behind the 5100 block of Fitch Street, S.E., and prior to the point in time that he allegedly dropped the gun in the area where he is alleged to have run. Absent such evidence, the government bears the burden at a hearing of showing that officers did not forcibly cause Mr. Hyman to abandon the firearm – either by the application of physical force, however temporary, or during a period of submission to a show of authority, however temporary. Because the firearm was recovered after Mr. Hyman was illegally seized, the physical evidence must be suppressed as the tainted fruits of the illegal seizure. <u>Wong Sun v. United States</u>, 371 U.S. 471 (1963).

## **CONCLUSION**

For the reasons set forth above, and for such other reasons as this Court may determine at a hearing on this motion, Mr. Hyman respectfully requests that this motion be granted and that the Court suppress the use as evidence of all items allegedly seized from him.

Respectfully submitted,

\_\_/s/_____
Danielle C. Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004
(202) 208-7500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Cr. No. 07-280 (PLF) |
| | : | |
| **TYREN HYMAN,** | : | |
| | : | |
| **Defendant** | : | |

ORDER

Upon consideration of Defendant's Motion to Suppress evidence and finding good cause shown, it is this ___ day of _____, 2008, hereby

ORDERED that the motion is GRANTED.

_____
THE HONORABLE PAUL L. FRIEDMAN
UNITED STATES DISTRICT JUDGE