UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Cr. No. 07-280 (PLF) |
| | : | |
| TYREN HYMAN, | : | |
| | : | |
| Defendant | : | |

## MOTION TO EXCLUDE OTHER CRIMES EVIDENCE

Tyren Hyman, through undersigned counsel, respectfully requests that this Court rule that the government is precluded from entering into evidence any proof of crimes, wrongs, or other bad acts, allegedly committed by Mr. Hyman and not charged in this indictment. In support of his request, Mr. Hyman submits the following memorandum in light of the government's intent to introduce evidence in its case in chief.

## BACKGROUND

Mr. Hyman is charged in a one-count indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).

In an email dated November 20, 2007, government counsel indicated that in their case-in chief they plan on introducing evidence that the gun in this case was stolen out of a Prince George's County police car.  Specifically, the government has indicated that P.G. County Police Officer Mike Beaver will testify about "the theft of his weapon and that he watched a video tape that no longer exists that shows a black male, long dreads, wearing a white sleeveless t-shirt breaking into his police car."  Officer Beaver will also testify about "the model of the car the

person was driving, and possible the estimated height and weight of the person." Other than this information contained in an email, the government has provided no additional information regarding these allegations.

## ARGUMENT

I.    **The Proffered Evidence Is Inadmissible Evidence of Other Crimes under Federal Rule of Evidence 404(b).**

In order for evidence of a prior bad act to be admissible, it must be both reliable and probative of a material issue other than character. See United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988); see also Fed. R. Evid. 404(b); United States v. Gaviria, 116 F.3d 1498, 1532 (D.C. Cir. 1997) (citing United States v. Clarke, 24 F.3d 257, 264 (D.C. Cir. 1994)). To be probative of a material issue, a prior bad act must speak to an essential element of the charged offense or furnish part of the context for the alleged crime. See Rawle, 845 F.2d at 1247 n.4. The government bears the burden of demonstrating the relevance of the "prior bad acts" it seeks to have admitted. See United States v. Hudson, 843 F.2d 1062, 1066 (7th Cir. 1988); United States v. Hogue, 827 F.2d 660, 662 (10th Cir. 1987). The evidence at issue here is not admissible pursuant to Rule 404(b), because it is both unreliable and irrelevant to any material issue other than propensity.

"In the Rule 404(b) context, similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." Huddleston v. United States, 485 U.S. 681, 689 (1988). The government cannot introduce evidence related to the person who stole the firearm out of Officer Beaver's police care unless it proffers sufficient facts for a jury reasonably to find that Mr. Hyman committed those acts. The government has

presented no evidence to the Court to substantiate its assertion that Mr. Hyman stole this gun out of the police car - nor has he been charged with such a crime.

The proposed evidence also is inadmissible because is not necessary to prove any relevant material issue. The only purpose this evidence could serve would be to place Mr. Hyman's character in issue. The government has made no proffer as to any legitimate purpose for the introduction of this prior bad act. The failure by the government to offer any argument in support of the admission of this evidence exposes that the government's only purpose for introducing the evidence is to show that Mr. Hyman has a bad character. This is the very purpose for which such evidence cannot be admitted. See, e.g., Huddleston v. United States, 485 U.S. 681 (l988)(holding other crimes evidence is not admissible to show bad character and action in conformity therewith); United States v. Rhodes, 886 F.2d 375 (D.C. Cir. l989); United States v. Hernandez, 780 F.2d ll3 (D.C. Cir. l986); United States v. Foskey, 636 F.2d 5l7 (1980); United States v. Shelton, 628 F.2d 54 (l980).

II.     **The Court Should Exclude the Evidence Pursuant to Federal Rule of Evidence 403 Because the Evidence Is More Prejudicial than Probative.**

Even if reliable and probative of a material issue, evidence of "prior bad acts" is nevertheless inadmissible if the probative value of the evidence is substantially outweighed by its likely prejudicial impact. Fed. R. Evid. 403; Gaviria, 116 F.3d at 1532 (citing Clarke, 24 F.3d at 264). Because of the potential for prejudice, "evidence indicating the accused's commission of an offense not on trial . . . is generally to be excluded." United States v. Anderson, 509 F.2d 312, 328 (D.C. Cir. 1974) (quoting Robinson v. United States, 459 F.2d 847, 856 (D.C. Cir. 1972)).

As discussed above, the fact that the firearm in this case was previously stolen out of a

P.G. County Police Officer's car is not probative of any material issue other than propensity. The lack of any probative value of the alleged prior bad acts stands in stark contrast to the severe prejudicial impact introduction of the evidence would have on the jury. Even with a limiting instruction, jurors will have a difficult time resisting the natural human impulse to make the impermissible inference that it is likely that the person who stole the firearm is also the same person who possessed the firearm and that someone who has previously committed a bad act is more likely to break the law on a subsequent occasion – the very inference that Federal Rule of Evidence 404(b) was intended to prevent. There exists a grave danger that jurors in Mr. Hyman's case will lower the bar for conviction or scrutinize the facts less searchingly because they do not fear convicting an "innocent" man.

## CONCULSION

For the foregoing reasons and such other reasons as may be adduced at a hearing on this matter, the Court should exclude the use of any evidence of uncharged conduct relating to the theft of the firearm in this case.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


____/s/_____

Danielle C. Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Cr. No. 07-280 (PLF) |
| | : | |
| **TYREN HYMAN,** | : | |
| | : | |
| **Defendant** | : | |

**ORDER**

Upon consideration of Defendant's Motion to Exclude Other Crimes Evidence and finding good cause shown, it is this ___ day of _____, 2008, hereby

ORDERED that the motion is GRANTED.

_____
THE HONORABLE PAUL L. FRIEDMAN
UNITED STATES DISTRICT JUDGE