UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Cr. No. 07-280 (PLF) |
| | : | |
| **TYREN HYMAN,** | : | |
| | : | |
| **Defendant** | : | |

## MOTION TO EXCLUDE USE OF PRIOR CONVICTIONS

Mr. Tyren Hyman, the defendant, through undersigned counsel, respectfully moves this Honorable Court, pursuant to Federal Rule of Evidence 609, to exclude the use of prior convictions to impeach Mr. Hyman should he chose to testify at trial.

### BACKGROUND

Mr. Hyman is charged in a one-count indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). The charge arose out of an incident that occurred on September 18, 2007. The government has filed a notice indicating its intent to seek to admit Mr. Hyman's prior convictions for impeachment purposes under Federal Rule of Evidence 609, if Mr. Hyman testifies at trial. Specifically, the government seeks to use two convictions in 2003 for unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year and a conviction in 1999 for destruction of property over $200.

### ARGUMENT

Federal Rule of Evidence 609 provides:

(a) General rule. For the purpose of attacking the

credibility of a witness,
> (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
> (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.
> (b) Time limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determine, in the interests of justice that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

Although the rule permits the use of prior felony convictions, such convictions may be used to impeach a defendant only if the probative value of the conviction outweighs the prejudicial effect to the accused. Notably, Rule 609, unlike Federal Rule of Evidence 403, does not require that the prejudicial effect substantially outweigh the probative value of the evidence but, rather, requires the opposite -- that the probative value of the conviction outweigh the prejudicial effect. In this case, the government has done nothing to meet its burden of demonstrating that there are specific circumstances demonstrating that the probative value of the proffered offenses outweighs the inevitable prejudicial impact. See United States v. Lipscomb, 702 F.2d 1049, 1063 ("When the defendant is impeached by a prior conviction, the question of

prejudice, as Congress well knew, is not <u>if</u>, but how much.").

The government provides no proffer as to the circumstances of the prior convictions nor any argument as to why the nature of the convictions alone demonstrates the probative value. The government makes no argument in support of the probative value and only argues that "should the defendant elect to testify in this case, the issue of his credibility will be a central issues for the jury." Gov't Rule 609 Mot. at 3. All felonies have some probative value as to credibility, <u>see</u> <u>Lipscomb</u>, 702 F.2d at 1063 n. 54, but this proposition is simply a starting point.

With respect to possession of a firearm, it is not an offense that, by its nature, involves deception or stealth. <u>See, e.g.</u>, <u>United States v. Gordon</u>, 383 F.2d 936, 939 (D.C. Cir. 1967) ("Acts of violence . . . , which may result from a short temper, a combative nature, extreme provocation, or other causes, generally have little or no direct bearing on honesty and veracity). As to the destruction of property and weapon-related offenses, the government has set forth no specific facts indicating that the convictions are particularly probative in the present case. Whatever probative value the defendant's prior convictions might have stems only from the generic inference that commission of a felony – any felony – demonstrates a conscious disregard for the law. <u>Id</u>. at 1071. The generic inference that an individual who has committed a felony offense is more likely to break the law is weak at best; the specific inference that such an individual will break the law by consciously disregarding his oath to tell the truth is even more attenuated.

Further, Mr. Hyman is charged with possessing a firearm after being convicted of a crime punishable by more than a year incarceration, the jury will learn that Mr. Hyman has a prior conviction. That fact, however, negates the need to disclose more to the jury. The jury will

know that Mr. Hyman has a prior conviction and could use this fact to assess his credibility. Disclosing the nature of the convictions would only prejudice Mr. Hyman. Informing the jury of the nature of the prior conviction, particularly here where one conviction is for a weapons offense and another is for a crime of violence, would significantly prejudice Mr. Hyman. That prejudice outweighs any probative value that disclosing the nature of the conviction would provide.

Further, the assumption that a "limiting instruction can be given to the jury in order to preclude its use of such evidence for an improper purpose," Gov't Rule 609 Mot. at 4, is "'unmitigated fiction,'" which "requires[s] the jury to perform a 'mental gymnastic which is beyond, not only their powers, but anybody else's.'" Lipscomb, 702 F.2d at 1062 (quoting Krulewitch v. United States, 336 U.S. 440, 453 (1949) (Jackson, J., concurring), and Nash v. United States, 54 F.2d 1006, 1007 (2d Cir. 1932) (L. Hand, J.)).

## CONCLUSION

For the foregoing reasons, Mr. Hyman respectfully moves this Honorable Court to exclude the use of the evidence of the prior convictions proffered by the government.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Danielle C. Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste 550
Washington, D.C. 20004
(202) 208-7500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Cr. No. 07-280 (PLF) |
| | : | |
| **TYREN HYMAN,** | : | |
| | : | |
| **Defendant** | : | |

**ORDER**

Upon consideration of defendant's Motion to Exclude Use of Prior Convictions and finding good cause shown, it is this ___ day of _____, 2008, hereby

ORDERED that the motion is GRANTED.

_____
THE HONORABLE PAUL L. FRIEDMAN
UNITED STATES DISTRICT JUDGE