## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.  07-280 (PLF)** |
| | : | |
| **v.** | : | |
| | : | |
| **TYREN D. HYMAN** | : | |
| | : | |
| **Defendant.** | | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE CASE NUMBERS AND REFERENCE TO U.S. DISTRICT COURT CONTAINED IN THE INDICTMENT

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby opposes Defendant Hyman's Motion to Strike Case Numbers and Reference to U.S. District Court Contained in the Indictment.  In support of its Opposition, the United States relies on the following points and authorities and such other points and authorities as may be cited at any hearing on this issue:

1.      The defendant, Tyren Hyman, was charged by Indictment with one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). Specifically, the Indictment alleges that the defendant was "convicted of a crime punishable by imprisonment for a term exceeding one year, in the United States District Court for the District of Columbia, Criminal Case Nos. 03-126 and 02-448 . . . ."

2.      The defendant has moved to strike from the Indictment the reference that the defendant's prior convictions occurred in the United States District Court for the District of Columbia alleging that it will be highly prejudicial if the jury learns that he was convicted "in the same court in which they will sit."  Def. Mot. At 2.  Additionally, the defendant has moved to

strike the two case numbers as they will indicate to the jury that the defendant has two separate

charges of criminal conduct.  Id.   The defendant's motion is without merit and should be denied.

3.      A motion to strike surplusage from the indictment pursuant to Federal Rule of

Criminal Procedure 7(d) "should be granted only if it is clear that the allegations are not relevant

to the charge and are inflammatory and prejudicial."  United States v. Rezaq, 134 F.3d 1121,

1134 (D.C. Cir. 1998) (internal citations omitted), cert. denied, 525 U.S. 834 (1998).  Moreover,

"the standard under Rule 7(d) has been strictly construed against striking surplusage."  Id.

(quoting United States v. Jordan, 626 F.2d. 928, 930 n.1 (D.C. Cir. 1980)).

4.      Pursuant to 18 U.S.C. § 922(g)(1), the government must prove, among other

things, that the defendant has been "convicted in any court of [,] a crime punishable by

imprisonment for a term exceeding one year."  The evidence put forth to establish this element –

both before the grand jury _and_ the petit jury – comes in the form of a certified conviction which

shows both the location of the court, as well as the case number.   Thus, it is clearly relevant

evidence and should not be stricken from the Indictment.  See Old Chief v. United States, 519

U.S. 172, 178 (1997) (finding that "[a] documentary record of the conviction for that named

offense was thus relevant evidence in making [the defendant's] § 9229(g)(1) status more

probable than it would have been without the evidence").

5.      In this case, the defendant pled guilty before the Honorable Colleen Kollar-

Kotelly to one count in Case 02-448, and one count in Case 03-126, and was sentenced in both

cases on the same day.  Thus, the certified Judgment In a Criminal Case that constitutes the

government's evidence of a required element of the offense contains both case numbers.  For this

reason, the two case numbers also appear on the Indictment.  While there is always some

prejudice from the fact that a defendant has a prior conviction that cannot be avoided when that

fact is an element of the charged offense, the case numbers are "relevant to the charge" and should not be stricken as surplusage.

6.    Finally, the defendant provides no citation for the allegation that a jury would be more prejudiced by the fact that a defendant's prior convictions were in the United States District Court – "the same court in which they will sit" – as opposed to in Superior Court or in a court located in a jurisdiction outside the District of Columbia.  Arguably the defendant is suggesting that it would it be less prejudicial if a defendant had prior convictions in, for example, Maryland or New Jersey, but if that were the case, one could then argue that a jury would be prejudiced by the fact that a defendant had committed crimes in more than one location.  Both theories are rank speculation and do not meet the standard under Rule 7(d) for striking relevant language from the Indictment.

WHEREFORE, for the foregoing reasons, the defendant's motion should be denied.


Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney


_____/s/_____
Jean W. Sexton
Assistant United States Attorney
NJ Bar No. 02122-1995
555 4th Street, N.W.  #4235
Washington, DC 20530
(202) 305-1419; Fax: 514-6010
Jean.Sexton@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.  07-280 (PLF)** |
| | : | |
| **v.** | : | |
| | : | |
| **TYREN D. HYMAN** | : | |
| | : | |
| **Defendant.** | | |

_____**ORDER**

     Upon consideration of the Defendant's Motion to Strike Case Numbers and Reference to

U.S. District Court Contained in the Indictment, and the Government's Opposition thereto, it is

this _____ day of January, 2008,

     ORDERED, that the Defendant's Motion is DENIED.


                              _____
                              UNITED STATES DISTRICT COURT JUDGE


copies to:

Jean W. Sexton, Esq.
Assistant U.S. Attorney
555 4th Street, N.W.
Washington, D.C. 20530

Dani Jahn, Esq.
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004