**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **CRIMINAL NO.  07-280 (PLF)** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **TYREN D. HYMAN,** | **:** | |
| | **:** | |
| Defendant. | | |

**GOVERNMENT'S SUPPLEMENTAL MOTION TO INTRODUCE**
**EVIDENCE OF UNCHARGED CONDUCT**

The United States, by and through its attorney, the United States Attorney for the District

of Columbia, hereby provides the Court and defense counsel with additional support for its

position that evidence of the theft of the firearm on July 30, 2007, should come in as direct,

intrinsic evidence of the crime charged.  In support of its Motion, the United States relies on the

following points and authorities and such other points and authorities as may be cited at any

hearing on this issue:

1.      As noted in its initial motion, the government expects Officer Michael Beaver to

testify that his $1,000 firearm was stolen from his government vehicle that was parked outside of

an ATF office on July 30, 2007 (1 ½ months before the defendant's arrest with the same gun) and

that a surveillance tape that Officer Beaver viewed showed that the person who broke into the

vehicle was a black male, between 18-24 years of age, approximately 5'7" and 160 pounds, with

a white sleeveless t-shirt and long braids that fell to just above the shoulder.  Officer Beaver will

not say that the defendant was that individual; rather, the jury will decide if the defendant

matches that description and what weight, if any, to give that testimony.  Regardless of what

weight the jury gives the evidence, however, it is still relevant evidence that goes to the

defendant's prior possession of the *same* weapon (not just any weapon, although there is case law to support the admission of that evidence as well) that he was arrested with on September 18, 2007.

      2.      While the undersigned Assistant could not find any recent cases from this jurisdiction that were exactly on point, the following cases provide persuasive authority for the argument that evidence of the defendant's prior possession of the same or similar weapon is direct evidence of the crime charged.  See United States v. Towne, 870 F.2d 880, 886 (2d Cir. 1989) (holding that defendant's prior possession of same firearm was direct evidence in prosecution for receiving and possession of firearm after prior felony conviction), cert.denied, 490 U.S. 1101 (1989); Morton v. United States, 183 F.2d 844, 845 (D.C. Cir. 1950) (holding that trial court properly admitted testimony that same caliber of gun was seen on defendant's bed two weeks prior to shooting); see also Gamble v. United States, 901 A.2d 159, 170-71 (D.C. 2006) (holding that evidence that defendant possessed a pistol two weeks before murder was "some evidence of the probability of his guilt"); Adams v. United States, 883 A.2d 76, 83-84 (D.C. 2005) (holding that evidence that witness saw defendant with same gun two years prior to murder was properly admitted and lack of certainty went to weight not admissibility); Busey v. United States, 747 A.2d 1153, 1165 (D.C. 2000) (holding that testimony that defendant possessed a revolver that might have been revolver used in murder two days later was "directly relevant" and that "lack of certainty goes to the weight of the evidence, not its admissibility); Johnson v. United States, 683 A.2d 1087, 1096 (D.C. 1996) (en banc) (distinguishing between direct evidence and "Drew" evidence and noting principle that "[a]n accused person's prior possession of the physical means of committing the crime is some evidence of the probability of his guilt, and is therefore admissible"), cert.denied, 520 U.S. 1148 (1997); Powell v. United States, 684

A.2d 373, 382-83 (D.C. 1996) (holding that testimony that witness had seen individual with same first name as defendant – whom witness could not identify – with same caliber of gun three days before shooting was direct evidence of the crime charged and fact that witness "could say only that [the defendant] resembled the man 'goes to the weight and not the admissibility of the evidence'"); Ali v. United States, 581 A.2d 368, 375 (D.C. 1990) (holding that evidence of defendant's possession of sawed-off shot gun similar to one used in murder several weeks later "constituted evidence of the crime charged"), cert.denied, 502 U.S. 893 (1991). See, e.g.,, United States v. Alexander, 331 F.3d 116, 124-127 (D.C. Cir. 2003) (holding that evidence from 911 caller that defendant had gun on him "now" in call moments before defendant's arrest was direct evidence of his current possession of the weapon and thus did not fall under Rule 404(b)).

WHEREFORE, for the reasons stated above, the United States respectfully requests that the government's motion to admit direct evidence of the theft of the gun be granted.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney


    /s/
Jean W. Sexton
Assistant United States Attorney
NJ Bar No. 02122-1995
555 4th Street, N.W.  #4235
Washington, DC 20530
(202) 305-1419; Fax: 514-6010
Jean.Sexton@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **CRIMINAL NO. 07-280 (PLF)** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **TYREN D. HYMAN,** | **:** | |
| | **:** | |
| **Defendant.** | | |

**ORDER**

Upon consideration of the Government's Motion to Introduce Evidence of Uncharged

Conduct, and the record herein, it is this _____ day of January, 2008,

ORDERED, that the Government's Motion is Granted.


_____
UNITED STATES DISTRICT JUDGE


copies to:

Jean W. Sexton, Esq.
Assistant U.S. Attorney
555 4th Street, N.W.
Washington, D.C. 20530

Dani Jahn, Esq.
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004