UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Cr. No. 07-280 (PLF) |
| | : | |
| **TYREN HYMAN,** | : | |
| | : | |
| **Defendant** | : | |

**UNOPPOSED MOTION FOR LEAVE TO LATE FILE**

Mr. Tyren Hyman, through undersigned counsel, respectfully moves this Honorable Court for leave to late file an Opposition to the Government's Supplemental Motion to Introduce Evidence of Uncharged Conduct. The government filed its supplemental motion on January 8, 2008; however, due to commitments in other matters, counsel was unable to file a response. The government does not oppose this motion.

WHEREFORE, for the foregoing reasons, Mr. Hyman respectfully requests leave to late file an Opposition to the Government's Supplemental Motion to Introduce Evidence of Uncharged Conduct.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____
Danielle C. Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W.. Ste. 550
Washington, D.C. 20004

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | **Cr. No. 07-280 (PLF)** |
| : | |
| **TYREN HYMAN,** : | |
| : | |
| **Defendant** : | |

## ORDER

Upon consideration of the Unopposed Motion for Leave to Late File, and for good cause shown, it is this _____ day of February, 2008,

**HEREBY ORDERED** that this Motion is granted.

---

THE HONORABLE PAUL L. FRIEDMAN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA  : | |
| : | |
| v.   : | Cr. No. 07-280 (PLF) |
| : | |
| TYREN HYMAN,   : | |
| : | |
| **Defendant**  : | |

**OPPOSITION TO GOVERNMENT'S SUPPLEMENTAL MOTION TO INTRODUCE EVIDENCE OF UNCHARGED CONDUCT**

Tyren Hyman, through undersigned counsel, respectfully submits this opposition to the government's supplemental motion to introduce evidence that the firearm in question was stolen on July 30, 2007.  In addition to the previous motion filed on this issue and the discussion at the motions hearing on January 7, 2008, undersigned counsel submits the following:

1.     To begin, government counsel admits that there is no controlling case on this issue either in this jurisdiction or elsewhere.  See Gov't Supplemental Motion at page 2.  Further, all of the cases cited by the government in their supplemental motion are distinguishable from the set of facts and circumstances in this case and some of these cases lack any analysis for the admission of evidence of possession of the same or similar weapon as direct evidence of the crime charged.[1]   Further, many cases cited by the government are reviewed under the plain error standard because the defendant failed to object to its admission at the time of trial.

---

[1] Undersigned counsel submits that Morton v. United States, 183 F.2d 844 (D.C. Cir. 1950) is no longer good law due to the age of the case, in addition to the fact that there is no particularized description between the gun used in the murder and testimony about a gun seen on the defendant's bed two weeks prior to the shooting.  Further, it appears that at trial, evidence was introduced that the defendant admitted to throwing the gun away after the shooting thereby admitting she possessed a gun.

2.      The government cited <u>United States v. Towne</u>, 870 F.2d 880 (2d Cir. 1989) and stated that the court held "defendant's prior possession of same firearm was direct evidence in prosecution for receiving and possession of firearm after prior felony conviction." <u>See</u> Gov't Supplemental Motion at page 2.  However, the facts of <u>Towne</u> are fundamentally different than that of Mr. Hyman.  In <u>Towne</u>, the defendant was arrested on an outstanding warrant for kidnaping which led to the search of his car incident to his arrest; this search revealed a pistol under the driver's seat of defendant's car.  <u>See</u> <u>Towne</u>, 870 F.2d at 883.  About one month after his arrest, a search warrant of defendant's residence was authorized whereby police found a shotgun, various ammunition, two rifles, and a pistol in the defendant's residence.  <u>Id</u>.  At trial, the district court allowed the government to present evidence of Towne's possession of a pistol on days other than specifically charged in the indictment.  <u>Id</u>. at 885-6.  However, there is no discussion or analysis as to what evidence was presented nor any objections made by the defense.  The only discussion relates to whether or not the district court erred by refusing to give a limiting instruction with respect to evidence of Towne's prior possession of the pistol.  <u>Id</u>.

3.      The government also cited <u>Gamble v. United States</u>, 901 A.2d 159 (D.C. 2006) where the D.C. Court of Appeals held that there was no plain error to admit a witness's testimony that he had seen the defendant with a "chrome-plated .380 pistol with a black handle" a "couple of weeks" before the murder.  <u>Id</u>. at 170-1.  However, not only was the testimony specific as to the description of the gun as seen by the witness a few weeks prior to the crime, but also the testimony was specific as to the description of the gun as seen at the crime scene.  <u>Id</u>.

4.      Similarly, the government cited <u>Adams v. United States</u>, 883 A.2d 76, (D.C. 2005), where again the D.C. Court of Appeals held that there was no plain error to admit a

witness's testimony that he had seen the defendant carrying the same gun - a .38 long nose - two years prior to the shooting in question. Id. at 83. Through this testimony, the government sought, in part, to explain how the witness was able to identify the weapon from such a great distance. Id.

5. The facts of Gamble and Adams, as well as the other cases cited by the government in its supplemental motion, are completely apposite to the facts of Mr. Hyman's case. In Mr. Hyman's case, there will be no direct evidence or testimony that Mr. Hyman was the person who broke into a P.G. County police officer's car and stole a firearm inside, rather there will be an inference that Mr. Hyman is the person who committed such an offense. As the government states in their supplemental motion, "Officer Beaver will not say the defendant was that individual; rather, the jury will decide if the defendant matches the description and what weight, if any, to give that testimony." See Gov't Supplemental Motion at page 1.

6. In addition, as previously discussed at the motions hearing in this case, there is no theory of constructive possession of the firearm in this case. As testified to at the motions hearing, the only theory of possession the government could allege at trial would be that Mr. Hyman actually possessed the firearm that was recovered on September 18, 2007. In addition, the description of the person who did steal the gun out of Officer Beaver's car is not relevant as to whether or not Mr. Hyman actually possessed the same gun approximately one and a half months later.

Wherefore, for all the reasons previously submitted and argued, Mr. Hyman respectfully requests that this Court exclude the use of any evidence of uncharged conduct relating to the theft of the firearm in this case.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____
Danielle C. Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W.. Ste. 550
Washington, D.C. 20004