UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | CRIMINAL NO. 07-280 (PLF) |
| | : | |
| **TYREN D. HYMAN,** | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

### GOVERNMENT'S MOTION TO EXCLUDE TIME
### UNDER SPEEDY TRIAL ACT OR, IN THE ALTERNATIVE,
### FOR AN EXPEDITED TRIAL DATE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves for the Court to exclude time under the Speedy Trial Act, 18 U.S.C. § 3161, or, in the alternative, for an expedited trial date. In support of its Motion, the United States relies on the following points and authorities and such other points and authorities as may be cited at any hearing on this issue:

### PROCEDURAL BACKGROUND

1. On September 18, 2007, the defendant, Tyren Hyman, was arrested for Carrying a Pistol Without a License and Receipt of Stolen Property. On September 21, 2007, he was charged by Complaint in United States District Court with one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g). After a Preliminary / Detention Hearing held on October 2, 2007, the defendant was held without bond. On October 18, 2007, a grand jury returned an indictment on the federal charge. On October 31, 2007, the Court arraigned the defendant, who pled not guilty. A status hearing was scheduled for November 20, 2007, and none of the 20 days between the arraignment and the status hearing were tolled. See 18 U.S.C. § 3161(c)(1) (trial shall

start within 70 days from the filing of the indictment, "or from the date the defendant has appeared before a judicial officer . . ., whichever date last occurs"); see also Fed. R. Crim. Proc. 45 (noting that day of event is excluded; last day is included).

2. On November 20, 2007, the Court set a motions schedule, and the first motion was filed by the Government on December 19, 2007. See Docket # 9. None of the 29 days between the status hearing and the filing of the first motion were tolled. As discussed below, specifically at issue here is the defendant's Motion to Exclude Other Crimes Evidence, which was filed on December 20, 2007, and the Government's Opposition thereto, which was filed on December 21, 2007. See Docket # 13, 15.

3. On January 7, 2008, the Court held a motions hearing and denied the defendant's Motion to Suppress. See Docket # 19. After fairly extensive discussions about the Defendant's Motion to Exclude Other Crimes Evidence (also referred to in the motions as Evidence of Uncharged Conduct), the Court requested additional briefing by the Government, and took that motion, and others, under advisement. See Minute Entry dtd 1/7/08. On January 8, 2008, the Government filed it's Supplemental Motion, and, at the Court's later request, the defendant filed his Opposition on February 19, 2008. See Docket # 20, 23. To date, the Court has not indicated whether its hearing on this issue has concluded or if, after reviewing the supplemental filings, the Court would like to have an additional hearing.

4. On March 4, 2008, a status hearing was held at which the parties informed the Court that we were pursuing plea negotiations that would include the defendant's pending Maryland case. Because of the complexity of negotiating a plea between multiple jurisdictions involving multiple charges, and because of the defense counsel's schedule, the next status hearing was set for May 12, 2008. The Court tolled all of the time between these two status hearings, finding that the ends of

justice outweigh the best interest of the public.

5. On May 9, 2008, prior to the date of the next scheduled status hearing, the Court vacated the status hearing and reset it for June 19, 2008. In the interim, the defendant rejected the global plea offer on June 2, 2008. On June 4, 2008, the Government extended an offer encompassing just his District Court case, which the defendant rejected on June 11, 2008.

## ARGUMENT

6. It is the Government's belief that, unless the Court intends to conduct an additional hearing on the Other Crimes Evidence after having asked for and received the additional briefing by the parties, that the Speedy Trial Act is no longer tolled by the motions the Court took under advisement on January 7, 2008. Pursuant to United States v. Bryant, 523 F.3d 349 (D.C. Cir. 2008), if a Court can rule on a motion "on the papers" or if there has been a hearing on an issue, the Court may not take the issue "under advisement" for more than thirty days. See Bryant, 523 F.3d at 359; see also 18 U.S.C. § 3161(h)(1)(J); Henderson v. United States, 476 U.S. 321, 328-29 (1986). On the other hand, if a hearing (or, in this case, an additional hearing since there has been supplemental post-hearing briefing) is necessary, then the Speedy Trial Act is tolled under 18 U.S.C. § 3161(h)(1)(F). See Bryant, 523 F.3d at 359.

7. Given that the Court requested additional briefing from both the Government and, later, the defendant, on the Other Crimes Evidence, the Government believes that it is likely that the Court has always intended to have an additional hearing on the issue and, if so, there is no Speedy Trial Act problem. If not, the Government believes that the tolling of the Speedy Trial Act would have stopped thirty days after the defendant filed his Opposition to the Government's Supplemental motion, which would have been March 20, 2008.

8. The Government is aware that there are other motions on which the Court has not ruled,

including the Government's Notice of Intention and Motion to Admit Evidence of Defendant's Prior Convictions Pursuant to Federal Rule of Evidence 609 and Opposition thereto (Docket # 9, 14), and the Defendant's Motion to Strike Case Numbers and Opposition thereto (Docket # 12, 16). Although these motions are still pending as well, the Government is concerned that the Court of Appeals, post-Bryant, might find that these motions are no longer tolling the clock given that they were discussed at the January 7, 2008, hearing, there was no additional briefing requested, and they can arguably be decided "on the papers." See Bryant, 523 F.3d at 358-60. That would mean that the time period that could be tolled while these motions were under advisement would be limited to thirty days after January 7, 2008, and that time period has clearly passed.

9. Assuming that the Court does *not* intend to have an additional hearing on the Other Crimes Evidence, the Government believes that the Speedy Trial Act clock was still being tolled after March 20, 2008, for plea negotiations until June 11, 2008, and the Government requests that the Court make such a finding. At the status hearing held on March 4, 2008, the Court tolled the clock until May 12, 2008 so that the parties could pursue plea negotiations with Maryland. Even though the Court continued the case on May 9, 2008 and the parties did not go back to Court, the defendant did not reject the global plea offer until June 2, 2008, and did not reject the new offer that was made on June 4, 2008 until June 11, 2008. Thus, the Court can find at the next status hearing that the time was tolled for continued negotiations from May 12, 2008 - June 2, 2008, and then again from June 4, 2008 - June 11, 2008, but after that date, the clock is running. By the Government's calculations, the total time excluded for plea negotiations is from March 4, 2008 - June 11, 2008, minus one day (June 3rd).

10. Assuming again that the Court does *not* intend to have an additional hearing on the Other Crimes Evidence, the Government believes that the Speedy Trial Act should be tolled for part

4

of the time after March 20, 2008, due to defense counsel's and the Court's schedules which would include the time from May 9, 2008, when the Court continued the case, up to and including the status hearing on June 19, 2008. The Government is requesting that the Court make that finding as well.

11. Finally, if the Court does not intend to have an additional hearing on the Other Crimes Evidence, and if the Court declines to make a finding that some or all of the Speedy Trial Act was tolled for 29 days for further plea negotiations May 12, 2008 through June 11, 2008 (excluding June 3rd), and for 41 days because of the Court's unavailability from May 9, 2008 through June 19, 2008, then the Government requests an expedited trial date.

WHEREFORE, for the reasons stated above, the Government requests that the Court toll time under the Speedy Trial Act untiil June 19, 2008, or in the alternative, that the Court set an expedited trial date in compliance with the Speedy Trial Act.

    Respectfully submitted,

    JEFFREY A. TAYLOR
    United States Attorney

    _____/s/_____
    Jean W. Sexton
    Assistant United States Attorney
    NJ Bar No. 02122-1995
    555 4th Street, N.W.  #4235
    Washington, DC 20530
    (202) 305-1419; Fax: 514-6010
    Jean.Sexton@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 07-280 (PLF)** |
| | : | |
| v. | : | |
| | : | |
| **TYREN D. HYMAN,** | : | |
| | : | |
| **Defendant.** | | |

# ORDER

Upon consideration of the Government's Motion to Exclude Time Under Speedy Trial Act, it is this _____ day of June, 2008,

ORDERED that an additional hearing on the Defendant's Motion to Exclude Other Crimes Evidence and the Government's Opposition thereto is necessary and that the time until the hearing is scheduled is tolled pursuant to 18 U.S.C. § 3161(h)(1)(F); and

ORDERED that the time from May 12, 2008 - June 11, 2008 is tolled pursuant to 18 U.S.C. § 3161(h)(1)(I) for the parties' plea plea negotiations and that the ends of justice outweigh the best interest of the public and the defendant; and

ORDERED that the time from May 9, 2008 - June 19, 2008 is tolled under 18 U.S.C. § 3161(h)(8)(A) on the Court's motion and that the ends of justice outweigh the best interests of the public and the defendant.

_____
UNITED STATES DISTRICT JUDGE

copies to:

Jean W. Sexton, Esq.
Assistant U.S. Attorney
555 4th Street, N.W.
Washington, D.C. 20530

Dani Jahn, Esq.
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004