# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | **Cr. No.  07-280 (PLF)** |
| | : | |
| **TYREN HYMAN,** | : | |
| Defendant. | : | |

## GOVERNMENT'S STATEMENT OF THE CASE
### AND
### PROPOSED VOIR DIRE QUESTIONS

The government respectfully submits the following "Government's Statement of the

Case" and "Proposed Voir Dire Questions."

## STATEMENT OF THE CASE

This is a criminal case.  The defendant, Tyren Hyman, has been charged with the offense

of  unlawful possession of a firearm and ammunition by a person previously convicted of a crime

punishable by imprisonment for one year or more.  The government alleges that on September

18, 2007, at approximately 9:30 p.m., Metropolitan Police Department officers were looking for

two men who had fled from the scene of a lawful traffic stop that occurred near the intersection

of Southern Avenue and H Street, S.E., Washington, D.C.  An officer involved in that traffic stop

had broadcast over police radio the lookout descriptions for the two men.  A few minutes after

this radio broadcast, another police officer, Michael Architzel, was less than a block away in full

police uniform and a marked police car.  He saw the defendant, who matched the description of

one of the men who had fled from the traffic stop, and he shined his police car's spotlight on the

defendant.  When the defendant saw the light and realized that a police officer was looking at

him, he grabbed his waistband and ran from him on foot into a fenced-in grass pathway behind

an apartment building located in the 5100 block of Fitch Street, S.E.  Officer Architzel pursued

the defendant on foot, and as he was about thirty feet behind the defendant he saw the defendant

pull from his waistband a hand gun and throw it down onto the grass.  Officer Architzel

continued to pursue the defendant and caught up to him about ten seconds later as the defendant

was attempting to climb over a fence.  With the assistance of Officer William Reinckens, Officer

Architzel was able to safely handcuff the defendant.  While it ultimately turned out that the

defendant was not one of the men that had fled from the traffic stop a few minutes earlier, Officer

Architzel had a good faith basis to pursue the defendant after the defendant reached for his

waistband and fled from the officer.  The defendant had previously been convicted of a crime

punishable by a term of imprisonment exceeding one year, and was not legally allowed to

possess that hand gun.

The defendant denies that he was in possession of the handgun.

<u>VOIR DIRE QUESTIONS</u>

1.  Given this brief statement of the case, do any of you think that you may know

anything about the facts and circumstances of this case?

2.  This trial is expected to start on Monday, September 8, 2008, and last

approximately two days.  The length of deliberations will be determined by the jury itself.  Do

any of you have an urgent or extremely important matter to attend to next week, such that you

could be faced with a genuine hardship if selected for the jury in this case?

3.  Do any of you have an uncorrected vision or hearing problem or suffer from

any illness that would make it difficult for you to sit as a juror?  Are any of you presently taking

any medication that causes drowsiness, confusion or discomfort or makes it necessary for you to go to the bathroom frequently?

    4.  Do you, or are you sitting next to someone whom you believe may, have trouble understanding the English language?  Or who might have a hearing problem?

    5.  I am Judge Paul Friedman, and I will be the presiding judge in this case. Assisting me are Michelle Moon, my Deputy Clerk, and Linda Russo, the court reporter who keeps a record of the proceedings.  Do any of you know or think that you recognize any of us?

    6.  Do any of you know or think that you might know or recognize the defendant, Tyren Hyman?

    7.  Do any of you know or think you might know his lawyer, Dani Jahn of Washington, D.C.?

    8.  The United States is represented in this case by Assistant United States Attorneys Elisa Poteat and Patrick Costello.  Do any of you know or think that you recognize the prosecutors, Ms. Poteat or Mr. Costello?

    9.  Do any of you know or think that you recognize any other member of the jury panel, for example, from work, school, socially, prior jury service, or around the neighborhood? Please take a look around to be sure.

    10.  The government may call some or all of the following persons as witnesses, who Mr. Costello will now identify.  Not all of these witnesses will necessarily testify.  Do you know or think that you might know any of these proposed witnesses?

    11.  Although the defense is not required to call any witnesses, the defense may call some or all of the following persons as witnesses, whom Ms. Jahn will now identify.  Do you

know or think that you might know any of these proposed witnesses?

12. The government alleges that the events relating to the charged offenses occurred in the area of Southern Avenue and H Street, S.E., Washington, D.C., and the nearby 5100 block of Fitch Street, S.E., Washington, D.C. Do any of you live near, work near, or have anything other than a general familiarity with these locations?

13. A fundamental principle of our legal system is that when a person is charged with a criminal offense, he is presumed to be innocent. That is because the burden of proof in a criminal case rests with the prosecution. That burden of proof never shifts throughout the trial. The presumption of innocence can only be overcome if the government proves the defendant's guilt beyond a reasonable doubt. Would you have any difficulty at all in applying these principles of law?

14. Because the burden is on the government in a criminal trial, the defendant does not need to testify, call any witnesses, or produce any evidence whatsoever to prove his innocence. Would you have any difficulty at all in applying these principles of law?

15. To reach a verdict, every juror must agree on the verdict. That is, any verdict must be unanimous. In deliberations you must consider the opinions and points of view of your fellow jurors. In the final analysis, however, you must follow your own conscience and be personally satisfied with any verdict. Would any of you have any difficulty at all in expressing your own opinions and thoughts about this case to your fellow jurors? Or do any of you feel that you would tend to go along with the majority of jurors, even if you did not agree, just because you were in the minority?

16. Do any of you believe that law enforcement agents or officers as a general

matter are either more or less trustworthy than other people?  Would any of you tend to give either more weight or less weight to, or tend to believe or disbelieve, the testimony of a law enforcement agent or officer simply because he or she is a law enforcement agent or officer?

17.  Have you or a member of your immediate family — either personally or in connection with a business — been involved in any legal action or dispute with the United States, or any officers, employees, or agents of the United States?

18.  Have you ever served on a grand jury?

19.  Have you ever served as a trial juror in a criminal case in a federal court, in District of Columbia Superior Court, or in a court located somewhere else?

20.  Have you (or any of your household members or close friends or relatives) ever worked, in any capacity, for any type of law enforcement agency?  This would include, among others, the Federal Bureau of Investigation, the Drug Enforcement Administration, the Metropolitan Police Department, the U.S. Marshal's Service, the Secret Service, the U.S. Park Police, the Postal Inspectors, the Military Police, the CIA, the IRS, Department of Homeland Security, a private security firm or other law enforcement agencies.  Or have you (or any of your household members or close friends or relatives) ever applied for a job with any such organization?

21.  Have you (or any of your household members or close friends or relatives) ever worked, in any capacity, for a prosecutor's office?  That can include the Department of Justice, a United States Attorney's Office, the Office of the Attorney General for the District of Columbia, (formerly the Office of the Corporation Counsel), or any state, commonwealth, county, or district attorney's office?  Or have you (or any of your household members or close

friends or relatives) ever applied for a job with any such organization?

22. Have you (or any of your household members or close friends or relatives) ever worked, in any capacity, for a prison, jail, or department of corrections? Or in the juvenile justice system? Or have you (or any of your household members or close friends or relatives) ever applied for a job with any such organization?

23. Have you (or any of your household members or close friends or relatives) ever worked, in any capacity, for a criminal defense lawyer, the Federal Public Defender Service, the District of Columbia Public Defender Service, or a similar organization, or been involved in any way in the defense of a criminal case? Or have any of you (or any of your household members or close friends or relatives) ever applied for a job with any such individual or organization?

24. Have you (or any of your household members or close friends or relatives) ever worked at a courthouse or for a court system, in any capacity, including as a probation or parole officer? Or have any of you (or any of your household members or close friends or relatives) ever applied for a job at any such organization?

25. Have you (or any of your household members or close friends or relatives) ever studied law or had any legal training? This would include law school, paralegal training, or any post-graduate legal training.

26. Have you (or any of your household members or close friends or relatives) ever been a witness to, a victim of, accused of, arrested for, or convicted of, any crime?

27. Have you ever belonged to or participated in any crime prevention groups, such as neighborhood watch organizations, "orange hat" groups, the Guardian Angels, or any

6

other crime prevention groups?

28.  Have you (or any of your household members or close friends or relatives) ever had an experience with law enforcement, prosecutors, police officers, or the court or court system, including traffic violations, that would make it difficult for you to be a fair and impartial juror in this case?

29.  Do any of you, because of the reported crime situation in Washington, D.C., or because of the reported incarceration rate in Washington, D.C., think that your own concerns or feelings would make it difficult to consider the evidence surrounding a criminal charge or to reach a verdict in a criminal case?

30.  The defendant is charged with conduct related to the unlawful possession of a firearm and ammunition.

a.  Do any of you have an opinion or feeling about federal or local firearms laws, whether or for or against them, that would make it difficult to render a fair and impartial verdict based solely upon the evidence presented during the trial?

b.  On a more specific point, has any member of the panel read in the paper or heard about a recent Supreme Court opinion about the District of Columbia's local gun laws in relation to the Second Amendment?  As I will tell the jury in my instructions later in this trial, that Supreme Court case has absolutely no impact on the federal charge that is at issue in Mr. Hyman's case, and I will further instruct you that it is illegal for a person who has previously been convicted of a crime punishable by greater than one year of imprisonment to possess a firearm; however, based on your knowledge about the Supreme Court's recent opinion or the Second Amendment, do you think that this might affect your deliberations in this case?

7

31.  The law requires that jurors weigh the evidence in a case and reach a verdict based solely upon the admitted evidence and instructions of law, without regard for what the potential punishment might or might not be in the event of a conviction.  Would you have any difficulty at all following this principle?

32.  On a related note, anyone who is selected to serve on this jury will take an oath to follow the law as instructed by this Court, and you would have to put aside any opinions about the law that you have.  Would you — for any reason — not be able to accept and follow my instructions regarding the law?

33.  Do any of you regularly watch any television programs, such as "C.S.I." or "Law & Order," which deal with crime scene investigation, procedure, or forensic science?  If so, would that affect what evidence you might an ticipate or require from the government in this case?

34.  Do you have any moral, religious, or philosophical beliefs that would make it difficult for you to render a judgment in this case based solely upon the evidence presented during the trial?

35.  Finally, do any of you know of any other reason or issue not already raised why you cannot sit as a juror in this case and be fair to both sides, and render a fair and impartial verdict based upon the evidence and the law as you shall hear it or that causes you to feel you should not sit as a juror in this case?

## CONCLUSION

WHEREFORE, the government respectfully asks this Court to utilize the Government's Statement of the Case and proposed Voir Dire questions.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
Bar No. 498610


By:    _____/s/_____
B. PATRICK COSTELLO, JR.
Assistant U.S. Attorney
D.C. Bar 483231
U.S. Attorney's Office
555 4th Street, N.W., Room 4112
Washington, D.C. 20530
202-514-9416
B.Patrick.Costello@usdoj.gov