UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | Cr. No. 07-280 (PLF) |
| | : | |
| **TYREN HYMAN,** | : | |
| Defendant. | : | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully proposes the following jury instructions:[1]

**A.   Instructions Before and During Trial:**

| | |
|---|---|
| 1.01A | Introduction and Voir Dire |
| 1.02 | Notetaking by Jurors |
| 1.03 | Preliminary Instruction Before Trial |
| 1.04A | Stipulations of Fact |
| 1.07 | Question Not Evidence |
| 1.08 | Expert Testimony |
| 1.20 | Questions by Jurors *(if the Court follows this practice)* |
| 1.21 | Preliminary Instruction to Jury Where Identity of Alternates Is Not Disclosed *(if necessary)* |
| 1.22 | A Juror's Recognition of a Witness or Other Party Connected to the Case |

---

[1] Although the government does not anticipate proposing any additional jury instructions for use at trial, the government respectfully reserves the right, in an abundance of caution, to supplement this list if unexpected events occur at or before trial.

B. **<u>Final Instructions:</u>**

| | | |
|---|---|---|
| | 2.01 | Function of the Court |
| | 2.02 | Function of the Jury |
| | 2.03 | Jury's Recollection Controls |
| | 2.04 | Evidence in the Case – Stipulations |
| | 2.05 | Statements of Counsel |
| | 2.06 | Indictment Not Evidence |
| | 2.07 | Inadmissible and Stricken Evidence *(if necessary)* |
| | 2.08 | Burden of Proof — Presumption of Innocence |
| | 2.09 | Reasonable Doubt |
| | 2.10 | Direct and Circumstantial Evidence |
| | 2.11 | Credibility of Witnesses |
| | 2.13 | Number of Witnesses |
| | 2.14 | Nature of Charges Not to Be Considered |
| | 2.26 | Police Officer's Testimony |
| | 2.27 | Right of Defendant not to Testify *(if necessary)* |
| | 2.28 | Defendant as Witness *(if necessary)* |
| | 2.44 | Flight or Concealment by Defendant |
| | 2.71 | Selection of Foreperson |
| | 2.72 | Unanimity |
| | 2.73 | Exhibits During Deliberations |
| | 2.74 | Possible Punishment Not Relevant |

    2.75    Communications Between Court and Jury During
           Jury's Deliberations

    2.76    Furnishing the Jury with a Copy of the Instructions

    2.77    Verdict Form Explanation

    3.02    Proof of State of Mind

    3.07    "On or about" – Proof of

    3.08A   Possession

  **C.**  **Instructions on Charged Offense:**

*Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year* [4.79]

   The essential elements of possession of a firearm by a person who has been convicted of a crime punishable by imprisonment for a term exceeding one year, each of which the government must prove beyond a reasonable doubt, are:

1.  That the defendant possessed a firearm; that is, a handgun;

2.  That the defendant did so knowingly;

3.  That the firearm had been shipped or transported from one state to another; (the District of Columbia is considered a state for this purpose); and

4.  That, at the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

An act is done knowingly if the defendant was conscious and aware of his act, realized what he was doing, and did not act because of mistake, inadvertence, or accident.

The parties have stipulated that the defendant has previously been convicted of a crime punishable by imprisonment for a term exceeding one year.

It is necessary that the firearm which the defendant allegedly possessed have traveled or been transported in interstate commerce. Property is in interstate commerce if its movement originates in one state and passes through another state, to include the District of Columbia. The parties have stipulated that the firearm in this case had previously traveled in interstate commerce.

  **D.**   **Special Instructions**

  Special Instruction Regarding the Legality of the Pursuit of the Defendant and the
    Subsequent Recovery of Evidence

As I instructed you at the beginning of the case, it is my responsibility to rule on legal questions. In that regard, during the trial you have heard that Officer Architzel pursued the defendant, and that the police recovered a loaded firearm along the route of this foot chase. This court has ruled that the actions of the police officers in this case were perfectly lawful and that the government is entitled to use the evidence in this case. Accordingly, you need not concern yourself with the legality of the actions of the police officers in this case, and these circumstances should not be factored into your deliberations.[2]

---

[2]   As authority, the United States refers the Court to United States v. Sanders, 196 F.3d 910, 914 (8th Cir. 1999) (jury could be instructed that court had ruled as a matter of law that stop of defendant's vehicle, subsequent search of container in which gun was found, and seizure of gun and items found in cab of vehicle were all lawful acts of law enforcement officer performing law enforcement duties, where district court perceived that the defendant had tried to confuse the jury by casting doubt on the legality of the stop and search).

Special Initial Instruction Regarding Specific Investigation Techniques Not Required

Some of you may watch C.S.I. on television. And some of you may watch other legal shows on television. There are many different ones, including "Court TV" which shows trials going on. Do not be influenced by those in any way. C.S.I. is interesting and entertaining, but it is rather far-fetched and many of the theories they demonstrate as far as evidence collection and case development are unrealistic even with today's technology and resources. Thus, please do not expect C.S.I. to appear in this courtroom. Just listen to the evidence that comes in and wait for my final instructions before you begin your deliberations.[3]

---

[3] Judge Thomas F. Hogan routinely gives a similar statement to juries regarding police and legal shows on television, and the jury's obligation to not be influenced by such shows during their jury service. As an example, in a relatively recent trial, Judge Hogan stated the following to the empaneled jury during initial instructions:

> Some of you may watch CSI on television. I watch that. And some of you may watch other legal shows on television. There are lots of different ones. There's "Court TV" which shows trials going on. Don't be influenced by those in any way. CSI is interesting, but rather far-fetched and somewhat science-fiction in some of the theories they have that they can show what happens to some of the evidence, so don't expect CSI to appear in this courtroom.
> . . . .
> But I don't want you to have false impressions of what goes on in a courtroom from television or otherwise. So remember again you just keep an open mind. You listen to the evidence that comes in and wait for my final instructions and begin your deliberations at that point but never before then.

Transcript of Trial - A.M. Session, Oct. 16, 2006, at 48-50, United States v. Palmera Pineda (a.k.a. Simon Trinidad), Cr. No. 04-232 (TFH). Further, it is the undersigned's understanding that Chief Judge Royce C. Lamberth gave a similar instruction in the retrial of the Trinidad case.

For further support, see discussion surrounding Special Final Instruction Regarding Specific Investigation Techniques Not Required (infra).

<u>Special Final Instruction Regarding Specific Investigation Techniques Not Required</u>

During the trial you have heard [testimony of witnesses and] argument by counsel that the government did not utilize specific investigative techniques. For example, [the police did not videotape the foot chase of the defendant, and] [while the police tested the weapon for fingerprints, they did not test it for the defendant's DNA] [any other similar argument that might develop]. You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty. However, you are also instructed that there is no legal requirement that the government use any specific investigative techniques to prove its case. Law enforcement *techniques* are not your concern.

Further, as I mentioned at the beginning of this trial, I am sure that at least one of you has seen the popular television shows like "C.S.I." or "Law & Order." The TV standards, and the capabilities of law enforcement as portrayed on TV and in the movies, do not apply here to this trial. Witness testimony is sufficient to establish the charges in this case. Specific investigative techniques, such as videotaping a chase or testing for DNA, are not required to be presented in order for you to find the defendant guilty of the charges in this case. Please dismiss from your deliberations in consideration of the appropriate verdict in this case investigative techniques which you may have seen on TV or in movies, as well as anything else about which there was no evidence.

Your concern, as I have said, is to determine whether or not, on the evidence or lack of

evidence, the defendant's guilt has been proven beyond reasonable doubt.[4]

<u>Special Instruction Regarding Recent Supreme Court Second Amendment Case</u>

Only a few months ago the Supreme Court issued a widely-publicized opinion about the District of Columbia's local gun laws in relation to the Second Amendment. I am instructing you that this Supreme Court case has absolutely no impact on the federal charge that is at issue in Mr. Hyman's case. Please disregard any knowledge you may have regarding that Supreme Court case, and focus your deliberations on the facts of Mr. Hyman's case and the law as I have given it to you.

---

[4] Adapted from 1 L. Sand, *et al.*, Modern Federal Jury Instructions–Criminal, Inst. 4-4 (2008 ed.) (giving sample instruction and citing federal cases).

## **CONCLUSION**

WHEREFORE, the government respectfully asks this Court to utilize the Government's proposed Jury Instructions.

                    Respectfully submitted,

                    JEFFREY A. TAYLOR
                    United States Attorney
                    Bar No. 498610

By: _____/s/_____
      B. PATRICK COSTELLO, JR.
      Assistant U.S. Attorney
      D.C. Bar 483231
      U.S. Attorney's Office
      555 4th Street, N.W., Room 4112
      Washington, D.C. 20530
      202-514-9416
      B.Patrick.Costello@usdoj.gov